In the Matter of WILLIAM J. DROHAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 14, 1984

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*Saverio Muschio* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

This is a petition by the Disciplinary Committee for an order confirming the findings of fact and conclusions of law of a hearing panel of the Committee made after a hearing, and directing that respondent be censured, and for such other and further action as justice may require.

Respondent joined in the application.

Respondent was admitted to the Bar of this State before this court on March 9, 1942. He served as a Judge of the Civil Court of the City of New York from January, 1969. In August or September, 1973, he became a Judge of the New York State Court of Claims and served as an Acting Justice of the State Supreme Court until his retirement at or about the end of February, 1981.

The facts as to respondent's misconduct were freely admitted by respondent.

The hearing panel found:

1. Respondent, William J. Drohan, while an attorney, was employed in a public relations capacity by the engi-

neering firm of Consoer Townsend in the 1960's and until December, 1968.

2. During the 1960's, respondent entered into an agreement with Edwin Schwenk, a Republican Party political leader, to obtain cash contributions for the Republican Party and for Schwenk in consideration for Schwenk's assistance in securing public works contracts for Consoer Townsend.

3. In 1974 and 1975, respondent obtained a sum of money in excess of $10,000 from Consoer Townsend. At that time, he was no longer employed by Consoer Townsend and was holding judicial office.

4. Respondent gave Schwenk approximately 75% of said moneys and retained the balance for himself.

5. Said moneys represented the payments Schwenk was to receive under the 1960's agreement.

6. Respondent's involvement with Consoer Townsend and Schwenk was unrelated to his activities in judicial office.

It further appears from the testimony that:

The original contact with Schwenk was in 1967 or 1968.

Respondent received the payments in cash on five occasions and delivered 75% of the payments in cash to Schwenk in a restaurant or bar in the Waldorf Astoria Hotel, in coffee shops, and once in the restroom of a restaurant.

Schwenk was the subject of a Federal criminal prosecution (apparently a tax case) in March, 1980, and at that time he identified respondent as being involved in the sewer district situation.

Thereafter, respondent cooperated with the United States Attorney in the prosecution of Schwenk and gave an affidavit and testimony under a promise and later grant of immunity. A former Assistant United States Attorney testified that the likelihood of prosecution of respondent was very slight, both because the Statute of Limitations had almost run and the amount of taxes involved as to respondent was small. This Assistant United States Attorney testified very favorably to petitioner about respon-

dent's cooperation and helpfulness. Respondent's agreement to testify and his affidavit stating the facts were both dated February 2, 1981. We note that it was at the end of that month that respondent retired from the Bench.

The Disciplinary Committee recommends a severe censure stating the following mitigating factors:

(a) the fact that there is no record of prior discipline of respondent,

(b) respondent's testimony at the hearing indicated genuine contrition and acknowledgment of wrongfulness of his conduct,

(c) a former Federal prosecutor testified in regard to respondent's cooperation in securing a tax fraud conviction against Edwin Schwenk,

(d) respondent served in a combat role with the U. S. Navy and was twice elected to the State Assembly, and

(e) respondent's advanced age and precarious health raise substantial doubts as to whether respondent will ever practice law again.

However, we think the misconduct calls for a more severe sanction. At a time when he was a Judge, he facilitated and participated in implementation of a corrupt agreement involving surreptitious receipt and payments of cash, from which he personally profited.

Considering all the circumstances, we think the appropriate sanction is suspension of respondent from the practice of law for a two-year period.

Findings of fact to the hearing panel are confirmed; the panel's recommendation as to sanction is rejected. Respondent is suspended from the practice of law for a period of two years.

SANDLER, J. P., SILVERMAN, FEIN, MILONAS and ALEXANDER, JJ., concur.

Petition, insofar as it seeks confirmation of the findings of fact is granted, and insofar as it recommends the sanction of censure the petition is denied, and respondent is suspended from practice as an attorney and counselor at

law in the State of New York for a period of two years, effective July 16, 1984 and until the further order of this court.